UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREICI NAVAS ROZO, | CASE NO. 2:26-cv-00692-JHC |
| Petitioner, | ORDER |
| v. | |
| JULIO HERNANDEZ ET AL., | |
| Respondents. | |

This matter comes before the Court on Petitioner Greici Navas Rozo's Petition for Writ of Habeas Corpus. Dkt. # 1. Petitioner argues that she is entitled to habeas relief because she is detained in violation of 8 U.S.C. § 1254a and the district court's declaratory judgment order in *National TPS Alliance (NTPSA) v. Noem*, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025) (the December 10 Order).

Respondents do not dispute that recipients of Venezuela's 2023 TPS designation, like Petitioner, are entitled to habeas relief if they are members of the NTPSA class. *See generally* Dkt. # 8. Instead, Respondents argue that Petitioner is not entitled to habeas relief because she has not met "her burden of proving that she is a NTPSA member[.]" *Id*. at 8.

The Court disagrees: Petitioner has met her burden. Petitioner has shown that: (1) she is a recipient of Venezuela's 2023 TPS designation; (2) she registered with the NTPSA on or about

ORDER - 1

February 3, 2026; (3) she received an email confirming her membership status with the NTPSA on February 4, 2026; (4) an individual named "Greici Navas Rozo" is a member in good standing with the NTPSA; and (5) class counsel has identified Petitioner as a *NTPSA* class member (and attempted to secure her release from custody on this basis). *See* Dkt. ## 2 & 8. Respondents' musings about the large size of the class and the potential for multiple class members to share the same name, *see* Dkt. # 6 at 7, do not rebut this evidence.

As Respondents offer no other lawful justification for why Petitioner is detained under 8 U.S.C. § 1254a and the December 10 Order, the Court concludes that Petitioner has shown by a preponderance of the evidence that she "is in custody in violation of the Constitution or laws or treaties of the United States" and so is entitled to habeas relief. 28 U.S.C. § 2241(c).[1] The Court also notes that it is deeply concerned regarding Respondents' unwillingness to respond to class counsel's email, engage with Petitioner's attorneys to ensure that Petitioner is not unlawfully detained, and more generally, to take all necessary steps to ensure compliance with a binding court order—the December 10 Order. Accordingly, the Court:

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1);

(2) ORDERS Respondents to release Petitioner from custody within 24 hours. Upon release, Respondents must return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner in connection with her immigration status so long as the December 10 Order remains in effect;

---

[1] Because the Court concludes that Petitioner's detention violates 8 U.S.C. § 1254a, it need not consider her due process arguments.

ORDER - 2

(3) DIRECTS Petitioner to file a motion for an award of attorney's fees and costs under the Equal Access to Justice Act, if they so choose, by April 7, 2026.

Dated this 17th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3